UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA K. SCRIVO,

    Plaintiff,

v.

SGT. KENDRICK-HALL,

    Defendant.

_____/

Case No. 2:18-cv-13702

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF**

Plaintiff Donna K. Scrivo is a prisoner at the Women's Huron Valley Correctional Facility, where Defendant Sergeant Kendrick-Hall works as a guard. ECF 1, PgID 1, 4. Nearly two years ago, Plaintiff filed a pro se 42 U.S.C. § 1983 complaint and alleged that Defendant violated her Eighth Amendment right against cruel and unusual punishment for use of excessive force. *Id.* at 3. Since then, Defendant has not responded to the complaint despite having executed a waiver of service. ECF 23.

In a prior order, the Court found that Plaintiff sufficiently pleaded an Eighth Amendment violation. ECF 26, PgID 232–33. The Court then ordered Defendant in default and entered a default judgment of $350 for Plaintiff. *Id.* at 231–33. After further review, however, the Court vacated the default judgment because the Prison Litigation Reform Act precluded that action until Defendant responded to the complaint. ECF 31, PgID 320; *see Smith v. Heyns*, No. 2:12-cv-11373, 2013 WL 1163172, at *16 (E.D. Mich. Jan. 10, 2013) (citing 42 U.S.C. § 1997e(g)(1), (2) and

1

collecting cases). The Court therefore ordered Defendant to respond to the complaint by a specified date. ECF 31, PgID 321.

Defendant did not respond and the Court issued a show cause order for why the Court should not reenter default judgment for disobeying the earlier order requiring a responsive pleading. ECF 32, PgID 322. To date, Defendant still has not responded. And the Court will accordingly reenter default judgment for Plaintiff.

## BACKGROUND

Plaintiff's claim for excessive force began when Defendant asked Plaintiff to handover a pouch of coffee. ECF 1, PgID 4. While Plaintiff was handing the coffee to Defendant, Defendant allegedly "grabbed Plaintiff's right arm tightly and pulled Plaintiff up to the top of the stairs." ECF 1, PgID 4. Defendant then "slammed Plaintiff . . . up against [a] brick wall . . . resulting in multiple facial injuries and bruising." *Id.* at 4–5. The ordeal ended after Defendant had placed Plaintiff in a segregation shower cell. *Id.* at 5.

Defendant later issued a misconduct ticket to Plaintiff for assault and battery on Defendant. *Id.* at 7, 47. The ticket explained that when Plaintiff handed over the coffee, she jammed something into Defendant's hand and that broke Defendant's skin. *Id.* at 47. Defendant asserted that she acted out of self-defense and placed Plaintiff into segregation. *Id.* Plaintiff, however, claimed that she was ultimately found not guilty for the ticket. *Id.* at 52.

Plaintiff alleged that she suffered physical injuries such as bruising and mental injuries from Defendant's conduct. *Id.* Plaintiff also alleged—without supporting medical records—that she suffered significant traumatic injury to her

2

right kidney that caused "severe back pain, bruising, painful urination, hematuria, proteinuria, and severe flank pain[.]" *Id.* at 51. Plaintiff further alleged—again without supporting medical records—that she "suffered physical and emotion pain, fear, humiliation . . . anxiety" and that her "[o]steoarthiritis is [now] much worse[.]" *Id.* at 53–54.

In the complaint, Plaintiff sought four million dollars for excessive force damages: half in compensatory and half in punitive damages. ECF 1, PgID 43. But in Plaintiff's requests to supplement the record and amend the judgment, she sought one million dollars in damages for excessive force, a fake ticket, and false imprisonment. ECF 29, PgID 276; ECF 30, PgID 296. Plaintiff also sought $108.36 for six months of denied employment, $42.10 for ten weeks of lost wages, $411.28 for copying costs, expedited postage, and notary fees, $999,438.26 for future medical problems, $1 million in emotional distress and mental anguish, and $875,000 for physical pain and suffering. ECF 29, PgID 276. In the same motion, Plaintiff also sought punitive damages of $125,000. ECF 29, PgID 277. The Court has reviewed the filings and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons that follow, the Court will enter default judgment for Plaintiff in the amount described below.

## LEGAL STANDARD

"When a defendant is in default, the well pleaded factual allegations in the [c]omplaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114

U.S. 104 (1885); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). The Court must then "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty" to which Plaintiff is entitled on default judgment. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation marks omitted).

Even for default judgments, "[a] court has an obligation to assure [sic] that there is a legitimate basis for any damage award it enters." *AnheuserBusch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). And although Federal Rule of Civil Procedure 55(b)(2) allows a district court to conduct an evidentiary hearing, the Court need not hold a hearing if it finds one to be unnecessary. *Missilmani v. Shirazi*, No. 19-cv-11408, 2020 WL 806118, at *3 (E.D. Mich. Feb. 18, 2020).

## DISCUSSION

As explained earlier, Defendant is in default and Plaintiff has sufficiently pleaded an Eighth Amendment violation of excessive force. ECF 26, PgID 231–33. Because Defendant defied the Court's order to respond to the complaint, ECF 32, PgID 322, the Court will reenter default judgment for Plaintiff. *See Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (collecting cases) (citations omitted). The Court will now determine how much to award Plaintiff in damages.

I. <u>Compensatory Damages</u>

Given that Plaintiff never amended the complaint, she is entitled only to damages for her excessive force claim against Defendant, not for claims of false imprisonment or issuance of a fake ticket that she asserted in later motions. ECF 28–

4

30; *see* Fed. R. Civ. P. 8(a)(3) (explaining that a pleading stating a claim for relief must include a demand for relief sought); *see generally* Fed. R. Civ. P. 7(a) (explaining the difference between pleadings and motions). Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed R. Civ. P. 54(c). The Court will therefore deny Plaintiff's later requests for compensatory damages, ECF 29, PgID 276–77, insofar as the damages are unrelated to Plaintiff's excessive force claim, ECF 1, PgID 3, 43.

    *A. Physical Injuries*

    First, Plaintiff is not entitled to compensatory damages for the physical injuries from Defendant's excessive force because mere default on an excessive force claim "does not, as a matter of law, entitle the victim to an award of compensatory damages." *Early v. City of Dayton*, 103 F.3d 129, 1996 WL 724368, at *4 (6th Cir. 1996) (Table) (citing *Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir. 1996)). In fact, "[t]here are a number of situations where a jury may reasonably conclude that compensatory damages are inappropriate [despite] finding that excessive force was used." *Id.* For example, a jury "may reasonably conclude that the evidence regarding the plaintiff's injuries [is] not credible." *Id.* at *4 (citing *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992) (en banc)).

    Here, Plaintiff included only a prisoner injury report but no medical records to support her damages claim. ECF 1, PgID 75–76. The report—which Plaintiff completed herself—explained that she suffered from a variety of bruising, a fainting spell, and pain. *Id.* At the same time, however, Plaintiff stated that the prison nurse

5

said shortly after the incident that "she saw nothing" and refused to let Plaintiff see a doctor. *Id.* Plaintiff has not established a "reasonable certainty" of damages. *Vesligaj*, 331 F. App'x at 355; *see also Annabel v. Erichsen*, No. 15-cv-10345, 2019 WL 1760290, at *2–3 (E.D. Mich. Apr. 22, 2019) (Murphy, J.) (explaining that evidence of bruising did not justify an award of $100,000 for excessive force claims). The Court will therefore deny compensatory damages for Plaintiff's alleged physical injuries.

Still, because Plaintiff has shown Defendant's conduct caused bruising, ECF 1, PgID 75–76, the Court will award Plaintiff nominal damages of one dollar for her excessive force claim. *See Kidis v. Reid*, No. 19-1673, --- F.3d ---, 2020 WL 5740892, at *1 (6th Cir. Sept. 25, 2020) (noting that a jury found a defendant liable for excessive force but also found that the defendant's conduct did not injure the plaintiff, so the jury awarded nominal damages); *Annabel*, 2019 WL 1760290, at *3 (granting nominal damages to a plaintiff that could not establish compensatory damages beyond bruising). Plaintiff is therefore entitled to one dollar in nominal damages.

### B. *Future Medical Problems*

Next, Plaintiff is also not entitled to damages for future medical problems. Although Plaintiff's $999.438.26 request is very precise, ECF 29, PgID 276, it is also speculative. *See Zinganything, LLC v. Royal Design, Inc.*, No. 5:15-cv-1453, 2016 WL 362360, at *3 (N.D. Ohio Jan. 29, 2016) (denying damages that are merely speculative and lack any supporting evidence). Plaintiff never offered medical testimony suggesting that she would suffer from any future medical problems. *See Minyard v. Burrell*, No. 1:09-cv-90, 2011 WL 5188937, at *2 (W.D. Mich. Aug. 9, 2011), *report*

6

*and recommendation adopted*, No. 1:09-cv-90, 2011 WL 5180158 (W.D. Mich. Nov. 1, 2011) (holding that a plaintiff's unsupported "statement that he will need at least one future surgery" was conclusory). Without evidence to support the claim for future damages, the Court will deny Plaintiff damages for future medical problems.

    C. *Emotional Distress and Mental Anguish*

Plaintiff is not entitled to emotional distress and mental anguish damages. Plaintiff had specifically asked "for $1,000,000.00 for compensation of Post-Traumatic Stress Disorder ("PTSD") caused by [Defendant]." ECF 29, PgID 272. But the request is conclusory. Plaintiff never offered medical evidence suggesting that any doctor had diagnosed her with PTSD caused by Defendant's use of force. *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (explaining that merely submitting a brief stating that a plaintiff suffered from "extreme mental anguish" and medical issues without supporting documentation was insufficient to prove damages).

Although Plaintiff claimed that she will continue to suffer from PTSD, ECF 29, PgID 272, her PTSD claims are conclusory unless she provides evidence that she suffers from PTSD caused by Defendant's conduct. *See Minyard*, 2011 WL 5188937, at *2 (denying future pain and suffering damages as conclusory). Plaintiff is therefore not entitled to damages for emotional distress and mental anguish. *See Annabel*, 2019

7

WL 1760290, at *3 (denying mental and emotional damages to a plaintiff who established only bruising as a physical injury).

### D. Economic Damages

But Plaintiff is entitled to damages for lost wages. The complaint alleged that Plaintiff was unable to work for about ten weeks due to her medical injuries and was denied employment for six months because of the incident with Defendant. ECF 1, PgID 14; ECF 29, PgID 271. Because the Court must liberally construe the filings of pro se plaintiffs, *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), Plaintiff has established a causal connection between Defendant's conduct and her inability to work. ECF 1, PgID 14; *see also McKinney v. Steele*, No. 1:13-cv-50, 2014 WL 1875036, at *3 (W.D. Mich. May 8, 2014) (order that adopted a report and recommendation granting lost wages to a prisoner after showing a causal connection between the guard's actions and the prisoner's job loss).

At Plaintiff's daily wage of eighty-four cents, with five working days per week, she is entitled to $4.20 per week. ECF 29, PgID 271. Based on the Court's calculation, Plaintiff's ten weeks of lost wages because she could not work equals $42.00. Plaintiff's six months of lost wages because of the bar on her employment equals $100.80. Plaintiff is therefore entitled to $142.80 in economic damages.

In sum, Plaintiff has not proven that she is entitled to her requested compensatory damages of two million dollars. Instead, Plaintiff has made a showing that she is entitled to $142.80 in economic damages and one dollar in nominal damages. The Court will therefore award her those damages.

8

II.   In Forma Pauperis Filing Fee

In the Court's prior order entering default judgment, the Court held that Plaintiff is entitled to $350, a reflection of the filing fee Plaintiff paid before being granted in forma pauperis status. ECF 26, PgID 233; ECF 5, PgID 150. The Court will therefore award $350 in damages to Plaintiff. 28 U.S.C. § 1915(f)(1).

III.   Copy, Postage, and Notary Fees

The Court will award no damages for Plaintiff's copying costs, expedited postage, and notaries fees. Under 28 U.S.C. § 1920(4), the Court may tax as costs "the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" In particular, the Court may award "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the [C]ourt's consideration." *Falor v. Livingston County Cmty. Mental Health*, 2003 WL 23220759, at *5 (W.D. Mich. 2003) (quoting *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348, at *1 (6th Cir. May 7, 1992)).

To review a costs request, the Court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). Although the burden is on the moving party, the party need not provide "page-by-page precision" but "must represent a calculation that is reasonably accurate."

9

*Irwin Seating Co. v. Int'l Bus. Machines Corp.*, No. 1:04-cv-568, 2008 WL 1869055, at *3 (W.D. Mich. Apr. 24, 2008) (internal quotations and citations omitted).

Here, Plaintiff provided printouts of her copying costs. ECF 30, PgID 300–13. The information in the printouts, however, is minimal; the printouts list only dates and prices. *See id.* at 300. Based on the printouts, "the Court cannot determine . . . how many copies were for the Court or the opposing party, and how many copies were for the convenience of [Plaintiff]." *Irwin Seating Co.*, 2008 WL 1869055, at *6 (collecting cases). The Court must therefore deny Plaintiff's request for copying costs.

In addition, the Court must deny Plaintiff's request for notary fees and postage fees. As the Sixth Circuit has explained, "a prevailing party may not recover as costs expenses that are not specifically authorized by 28 U.S.C. § 1920." *CFPB v. Weltman, Weinberg & Reis, Co., L.P.A.*, 342 F. Supp. 3d 766, 769 (6th Cir. 2018). Because 28 U.S.C. § 1920 does not specifically authorize notary and postage fees, Plaintiff has no right to recover those costs.

IV.   Punitive Damages

Finally, Plaintiff asked the Court to award punitive damages. ECF 1, PgID 43; ECF 29, PgID 277. Ordinarily, the Court may award punitive damages as part of a default judgment. *Davis v. Brown*, 23 F. App'x 504, 506 (6th Cir. 2001*); see Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (explaining that awarding punitive damages on a default judgment is sometimes appropriate). The Court must consider three factors when assessing an award of punitive damages: (1) the reprehensibility of Defendant's misconduct, (2) the disparity between Plaintiff's

actual harm suffered and the punitive damages award, and (3) the difference between the punitive damages and the civil penalties in comparable cases. *Bach v. First Union Nat. Bank*, 486 F.3d 150, 153 (6th Cir. 2007). But punitive damages are appropriate only when an evil motive or intent motivated Defendant's conduct or when Defendant acted recklessly or callously indifferent to Plaintiff's rights. *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015).

Plaintiff has not shown that punitive damages are appropriate because she has not proven an evil motive or intent motivated Defendant's conduct or that Defendant acted recklessly or callously indifferent to her rights. *Id*. Defendant's conduct was an isolated event that caused bruising to Plaintiff. ECF 1, PgID 75–76. And, more importantly, an administrative investigation already denied Plaintiff's grievance that Defendant used excessive force. *Id.* at 94, 95. Because "punitive damages may not be awarded *without* a showing of malicious conduct[,]" *Thomas v. Tomlinson*, No. 08-cv-13703, 2011 WL 5864702, at *1 (E.D. Mich. Nov. 22, 2011) (emphasis in original), the Court will not award them.

## CONCLUSION

The Court has awarded damages to Plaintiff: $350 for the filing fee, $142.80 for lost wages, $1 for nominal damages. The Court will therefore grant Plaintiff with a default judgment of $493.80.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that default judgment of $493.80 is **GRANTED** in favor of Plaintiff.

**IT IS FURTHER ORDERED** that the case is **CLOSED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 29, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager